IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | | |
|---|---|---|
| ANA L. MEJIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  EP-2013-CV-368-KC |
| | ) | |
| O'REILLY AUTOMOTIVE, STORES, | ) | |
| INC., d/b/a O'REILLY AUTO PARTS | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |

**DEFENDANT'S 12(B)(1) MOTION TO DISMISS**
**FOR LACK OF SUBJECT MATTER JURISDICTION**

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................................... ii

STATEMENT OF ISSUE ................................................................................................................ iii

I.  INTRODUCTION .................................................................................................................. 1

II. STATEMENT OF FACTS ..................................................................................................... 1

III. ARGUMENT & AUTHORITIES ........................................................................................ 2

   A.  12(B)(1) STANDARD ..................................................................................................... 2

   B.  THE TCHRA'S 180 DAY CHARGE FILING DEADLINE IS A MANDATORY & JURISDICTIONAL PREREQUISITE TO FILING SUIT UNDER THE TCHRA. ................................................................. 3

   C.  THE TIMELY FILING OF AN EEOC CHARGE SATISFIES THE TCHRA'S FILING REQUIREMENTS – BUT ONLY IF THE CHARGE IS FORWARDED TO THE TWC OR THE PLAINTIFF INDICATES A DESIRE TO HAVE THE CHARGE DUAL FILED WITH THE TWC. ...................................................... 4

   D.  PLAINTIFF'S SUIT MUST BE DISMISSED BECAUSE SHE FAILED TO FILE A CHARGE OF DISCRIMINATION WITH THE TWC. ............................................................................................. 4

EXHIBITS

   EXHIBIT 1 ............................................................................................. PLAINTIFF'S EEOC CHARGE

   EXHIBIT 2 ............................................... TRANSMITTAL SHEET RE: PLAINTIFF'S EEOC CHARGE

   EXHIBIT 3 ............................................................................... EEOC NOTICE OF RIGHT TO SUE

   EXHIBIT 4 ............................................................................. CERTIFIED COPY OF TWC RECORDS

# **TABLE OF AUTHORITIES**

**CASES**

*ArcelorMittal Vinton, Inc.,* 334 S.W.3d 347, 349 (Tex. App.—El Paso 2011, orig. proceeding).. 3

*Balli v. El Paso Ind. Sch. Dist.*, 225 S.W.3d 260, 269 (Tex. App.—El Paso 2006, pet. granted, jmt. vacated) ................................................................................................................................ 4

*City of El Paso v. Marquez,* 380 S.W.3d 335, 342 (Tex. App.—El Paso 2012, no pet.) ............... 3

*Howe v. Yellowbrook USA,* 840 F. Supp.2d 970, 978 (N.D. Tex. 2011) ........................................ 3

*In re United Servs. Auto. Ass'n*, 307 S.W.3d 299 (Tex. 2010) ....................................................... 3

*Jones v. Grinnell Corp.*, 235 F.3d 972, 974 (5th Cir. 2001) ............................................................ 3

*Lueck v. State*, 325 S.W.3d 752, 758 (Tex. App. — Austin 2010, pet. denied) ............................. 3

*People's Nat'l Bank v. Office of the Comptroller of the Currency of the United States*, 362 F.3d 333, 336 (5th Cir. 2004) ................................................................................................................ 2

*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ....................................................... 2

*Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 486 (Tex. 1991) ......................................... 3

*Smith v. Univ. of Tex. Southwestern Med. Ctr. of Dallas*, 101 S.W.3d 185, 188-89 (Tex. App.— Dallas 2003, no pet.) ..................................................................................................................... 4

*Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996) ............................... 3

**STATUTES**

TEX. LAB. CODE ANN. § 21.202(a) ................................................................................................. 3

**FEDERAL RULES OF CIVIL PROCEDURE**

FED. R. CIV. P. 12(b)(1) ............................................................................................................... 1, 2

## **STATEMENT OF ISSUE**

The sole issue before this Court is whether it lacks subject-matter jurisdiction over this case because Plaintiff failed to exhaust her administrative remedies by not filing a charge of discrimination with the Texas Workforce Commission, Division on Civil Rights within 180 days of the alleged unlawful employment practices giving rise to this lawsuit.

Defendant O'REILLY AUTOMOTIVE STORES, INC. ("O'REILLY") moves the Court for an order of dismissal pursuant to FED. R. CIV. P 12(b)(1) and respectfully shows as follows:

## I. INTRODUCTION

This is a sexual harassment and retaliation lawsuit brought under the Texas Commission on Human Rights Act ("TCHRA") by Plaintiff ANA L. MEJIA ("Plaintiff") against her current employer, O'REILLY. The Court should dismiss Plaintiff's lawsuit for lack of subject-matter jurisdiction because she has failed to exhaust her administrative remedies under the TCHRA. Plaintiff did not file a charge of discrimination with the Texas Workforce Commission, Division on Civil Rights ("TWC") within 180 days of the acts complained of in her EEOC Charge of Discrimination. Accordingly, Plaintiff has failed to exhaust her TCHRA administrative remedies and the Court lacks subject-matter jurisdiction.

## II. STATEMENT OF FACTS

1. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on January 5, 2012 alleging she was subjected to sexual harassment and retaliation by O'REILLY. [Exh. 1].[1]

2. Plaintiff requested that her EEOC Charge be dual-filed with the New Mexico Department of Workforce Solutions, Human Rights Bureau ("NMDWS"). [Exh. 1].

3. On or about January 6, 2012, the EEOC forwarded a copy of Plaintiff's EEOC Charge to the NMDWS. [Exh. 2]. On or about January 17, 2012, the NMDWS received Plaintiff's EEOC Charge. [Exh. 2]. Upon receipt and acknowledgment thereof, the NMDWS indicated an intention not to initially investigate Plaintiff's EEOC Charge. [Exh. 2]. The EEOC

---

[1] Exhibits 1-3 are excerpted from the certified file received from the EEOC. The Certification/Attestation of Records for the entire file is included with Exhibit 1.

1

received the NMDWS' return acknowledgment of receipt of Plaintiff's EEOC Charge and intention to not initially investigate it on or about February 8, 2012. [Exh. 2].

4.   The EEOC did not forward a copy Plaintiff's EEOC Charge to the TWC, nor does the TWC have any record of receipt of Plaintiff's EEOC Charge. [Exh. 2, 4]. The TWC has provided a certified copy of public records specifically indicating that it has no record of Plaintiff's EEOC Charge. [Exh. 4].

5.   The EEOC dismissed Plaintiff's EEOC Charge and issued a Notice of Right to Sue on May 18, 2012. [Exh. 3].

6.   Plaintiff filed this lawsuit on October 11, 2013 alleging causes of action under the TCHRA for sexual harassment and retaliation. [Plaintiff's Original Petition].

### III.  ARGUMENT AND AUTHORITIES

A.   **12(b)(1) STANDARD**

Federal courts are courts of limited jurisdiction. *People's Nat'l Bank v. Office of the Comptroller of the Currency of the United States*, 362 F.3d 333, 336 (5th Cir. 2004). Without jurisdiction conferred by statute, federal courts lack the power to adjudicate claims. *Id*. A party may challenge a district court's subject matter jurisdiction by filing a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1).

In evaluating a motion to dismiss pursuant to Rule 12(b)(1), a court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The burden of proof for a Rule 12(b)(1) motion is on the party asserting jurisdiction, so the plaintiff "constantly bears the burden of proof that jurisdiction does in fact exist when jurisdictional facts are controverted." *Id.*

### B.  THE TCHRA'S 180 DAY CHARGE FILING DEADLINE IS A MANDATORY & JURISDICTIONAL PREREQUISITE TO FILING SUIT UNDER THE TCHRA.

Before suing an employer under the TCHRA, an aggrieved employee must first exhaust her administrative remedies by filing a complaint with the Texas Workforce Commission/Civil Rights Division ("TWC") "not later than the 180th day after the date the alleged unlawful employment practice occurred." TEX. LAB. CODE ANN. § 21.202(a); *see also Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 486 (Tex. 1991), *overruled on other grounds by In re United Servs. Auto. Ass'n*, 307 S.W.3d 299 (Tex. 2010). This 180-day time limit is "mandatory and jurisdictional." *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996); *Schroeder*, 813 S.W.2d at 487-88.

A plaintiff's failure to file a complaint within the 180-day period is a failure to exhaust administrative remedies which deprives the court of subject matter jurisdiction. *Jones v. Grinnell Corp.*, 235 F.3d 972, 974 (5th Cir. 2001); *City of El Paso v. Marquez,* 380 S.W.3d 335, 342 (Tex. App.—El Paso 2012, no pet.); *In re ArcelorMittal Vinton, Inc.,* 334 S.W.3d 347, 349 (Tex. App.—El Paso 2011, orig. proceeding) ("failure to timely file an administrative complaint [with the TWC/DCR] deprives Texas trial courts of subject matter jurisdiction over a [TCHRA lawsuit]"); *Lueck v. State*, 325 S.W.3d 752, 758 (Tex. App. — Austin 2010, pet. denied) ("a plaintiff's failure to comply with the 180-day filing requirement deprives the trial court of subject-matter jurisdiction over employment-discrimination claims.") (citations omitted).

Because the 180-day time limit for filing with the TWC is mandatory and jurisdictional, that time limit is not subject to equitable tolling. *Jones,* 235 F.3d at 974; *Howe v. Yellowbrook USA,* 840 F. Supp.2d 970, 978 (N.D. Tex. 2011).

**C.  THE TIMELY FILING OF AN EEOC CHARGE SATISFIES THE TCHRA'S FILING REQUIREMENTS – BUT ONLY IF THE CHARGE IS FORWARDED TO THE TWC OR THE PLAINTIFF INDICATES A DESIRE TO HAVE THE CHARGE DUAL FILED WITH THE TWC.**

A charge of discrimination filed with the EEOC will also be considered to be dual filed with the TWC – and thus satisfy TCHRA exhaustion requirements – as long as the charging party either 1) indicates a desire that the EEOC charge be dual filed with the TWC or 2) the EEOC actually forwards the EEOC charge to the TWC.  *Howe*, 840 F. Supp.2d 970 at 978; *see Balli v. El Paso Ind. Sch. Dist.*, 225 S.W.3d 260, 269 (Tex. App.—El Paso 2006, pet. granted, jmt. vacated); *Smith v. Univ. of Tex. Southwestern Med. Ctr. of Dallas*, 101 S.W.3d 185, 188-89 (Tex. App.—Dallas 2003, no pet.) (finding plaintiff did not present any evidence that the TWC ever received, investigated or resolved her charge and thus lacked subject matter jurisdiction). The filing of an EEOC charge does not automatically exhaust a charging party's administrative prerequisites under the TCHRA.  *See Balli,* 225 S.W.3d at 269 ("Notably, unlike for federal claims, there is nothing in the [Worksharing] Agreement that suggests that the EEOC's receipt of charges on the Commission's behalf will automatically initiate state proceedings for purposes of the state law. Therefore, we cannot agree with the Appellants that the mere filing of a complaint with the EEOC is automatically the equivalent of filing a direct complaint with the Commission").

**D.  PLAINTIFF'S SUIT MUST BE DISMISSED BECAUSE SHE FAILED TO FILE A CHARGE OF DISCRIMINATION WITH THE TWC.**

Plaintiff did not exhaust her administrative remedies under the TCHRA and this lawsuit must be dismissed for lack of subject-matter jurisdiction.  Plaintiff's EEOC Charge was dual-filed with the NMDWS.  [Exh. 1].  Plaintiff not only requested in her EEOC Charge that the EEOC dual-file her EEOC Charge with the NMDWS, but the EEOC in fact forwarded a copy of

Plaintiff's EEOC charge to the NMDWS on or about January 6, 2014 and which was received by the NMDWS on or about January 17, 2012.  [Exh. 2].  Plaintiff did not indicate that her EEOC Charge was intended to be dual-filed with the TWC.  [Exh. 1].  To that end, the EEOC did not forward a copy of Plaintiff's EEOC charge to the TWC nor did the TWC receive a copy of the Plaintiff's charge.  [Exh. 2, 4].

     Under these circumstances, Plaintiff did not file a charge of discrimination with the TWC and she has failed to exhaust her administrative remedies.  The Court does not have jurisdiction over this lawsuit and it should be dismissed.

                             Respectfully submitted,

                             CROWSON & CROWSON, LLP
                             P.O. Box 221170
                             El Paso, Texas  79913
                             915.533.7717
                             915.533.1495 (FAX)

By: _____
      WALKER F. CROWSON
      State Bar No. 24012480

      Attorneys for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served on the following on the 18th day of June, 2014:

| | |
|---|---|
| Francisco X. Dominguez | _____ First Class Mail |
| Chris Benoit | _____ Certified Mail/Return Receipt |
| Attorney for Plaintiff | _____ Hand Delivery |
| 2515 N. Stanton St. | _____ Facsimile |
| El Paso, Texas 79902 | _____ E-mail Correspondence |
| 915.532.5566 (Fax) | __X__ CM/ECF |

*[signature]*

WALKER F. CROWSON

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | |
|---|---|
| ANA L. MEJIA, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>O'REILLY AUTOMOTIVE, STORES, )<br>INC., d/b/a O'REILLY AUTO PARTS )<br>)<br>  Defendants, )<br>) | Cause No.  EP-2013-CV-368-KC |

# **EXHIBITS**

# EXHIBIT 1

## PLAINTIFF'S EEOC CHARGE



**U.S. Equal Employment Opportunity Commission**
**San Antonio Field Office**

5410 Fredericksburg Rd
Suite 200
San Antonio, TX 78229
(210) 281-2550
(210) 281-7610 TTY
(210) 281-2522 FAX

## CERTIFICATION/ATTESTATION OF RECORDS

The attached pages are true and correct copies from the U.S. Equal Employment Opportunity Commission (EEOC) file of Charge No.: <u>453-2012-00341 Ana Mejia v. O'Reilly Auto Parts</u>. This charge file is a government document that is kept by the EEOC in the ordinary course of business.

I am the legal custodian of the original file.

Whereunto, I set my hand this __8th__ day of __January__, 2014, in the City of San Antonio, TX 78229.

_____
Julia Way
CRTIU Supervisor


SUBSCRIBED AND SWORN (OR AFFIRMED) BEFORE ME THIS
__8th__ DAY OF __January__, 2014.

_____
Rebecca A. Davies

REBECCA A. DAVIES
Notary Public, State of Texas
My Commission Expires
June 14, 2017

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 453-2012-00341 |

**New Mexico Dept of Workforce Solutions, Human Rights Bureau** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ana L. Mejia | (915) 240-0040 | 03-17-1980 |

Street Address: 10 Camargo St, Anthony, NM 88021

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| O'REILLY AUTO PARTS | 500 or More | (915) 886-3770 |

Street Address: 517 Main St, Anthony, TX 79821

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 06-27-2011   Latest: 12-30-2011
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. From on or around June 27, 2011 and continuing, I have been subjected to sexual harassment by Store Manager and Supervisor Hector Murillo. Hector would ask co-worker Priscilla last name unknown "que paso mi flaca, cojiste anoche?" on a daily basis while we were setting up the store for opening. Additionally, Hector would make frequent and daily comments to me such as "flaca, mamacita, mija, and guapa." On another occasion, Hector showed me a picture of himself and two other men naked on his camera. These type of behavior exhibited by Hector created a hostile work environment.

II. Reason given for discriminatory actions. None given. However, I complained to District Manager Antony Ruiz. He conducted an investigation and informed me that Hector had accepted the use of inappropriate language. Antony told me that if I could not work with Hector I needed to request me transfer.

III. I believe I have been discriminated against because of my sex, female (sexual harassment), in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe that I have been retaliated against for complaining of sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended. 704(a).

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: Jan 05, 2012
Charging Party Signature: [signed]

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT: [signed]

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year): 1/5/2012

# EXHIBIT 2

## TRANSMITTAL SHEET RE: PLAINTIFF'S EEOC CHARGE

*EEOC TRANSMITTAL*
*NMDWS RECEIPT*
*EEOC SUBSEQUENT RECEIPT*

EEOC Form 212-A (3/98)

## U.S. Equal Employment Opportunity Commission

TO: **New Mexico Dept of Workforce Solutions, Human Rights Bureau**
**1596 Pacheco Street** RCVD EEOC ELPA FEB 8 '12 PM 2 07
**Suite 103**
**Santa Fe, NM 87505**

Date: **January 6, 2012**
EEOC Charge No.: **453-2012-00341**
FEPA Charge No.

**CHARGE TRANSMITTAL**

SUBJECT:

| **Ana L. Mejia** | v. | **O'REILLY AUTO PARTS** |
|---|---|---|
| *Charging Party* | | *Respondent* |

Transmitted herewith is a charge of employment discrimination initially received by the:

[X] EEOC   [ ] _____ on **Jan 05, 2012**
            *Name of FEPA*                *Date of Receipt*

[X] Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC.

[ ] Pursuant to the worksharing agreement, this charge is to be initially investigated by the FEPA.

[ ] The worksharing agreement does not determine which agency is to initially investigate the charge.

RECEIVED
JAN 17 2012
HUMAN RIGHTS BUREAU

[ ] EEOC requests a waiver     [ ] FEPA waives

[ ] No waiver requested        [ ] FEPA will investigate the charge initially

*Please complete the bottom portion of this form to acknowledge the receipt of the charge and, where appropriate, to indicate whether the Agency will initially investigate the charge.*

Typed Name and Title of EEOC or FEPA Official: **Jeffrey H. Zelmanow, Area Office Director**
Signature/Initials: *Jeffrey Zelmanow*

---

| **Ana L. Mejia** | v. | **O'REILLY AUTO PARTS** |
|---|---|---|
| *Charging Party* | | *Respondent* |

**TO WHOM IT MAY CONCERN:**

[ ] This will acknowledge receipt of the referenced charge and indicate this Agency's intention to initially investigate the charge.

[X] This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge.

[ ] This will acknowledge receipt of the referenced charge and request a waiver of initial investigation by the receiving agency.

[ ] This will acknowledge receipt of the referenced charge and indicate this Agency's intention to dismiss/close/not docket the charge for the following reasons:

Typed Name and Title of EEOC or FEPA Official: *CELINA BUSSEY, CABINET SECRETARY*
Signature/Initials: *P. Wolfson CB  1/18/12*

TO: **El Paso Area Office**
**300 E. Main Suite 500**
**El Paso, TX 79901**

Date: **January 6, 2012**
EEOC Charge No.: **453-2012-00341**
FEPA Charge No.

# EXHIBIT 3

# EEOC NOTICE OF RIGHT TO SUE

EEOC Form 161 (11/09)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Ana L. Mejia
10 Camargo St
Anthony, NM 88021

From: El Paso Area Office
300 E. Main Suite 500
El Paso, TX 79901

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 453-2012-00341 | Arturo J. Carrion, Investigator | (915) 534-4193 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Jeffrey H. Zelmanow,
Area Office Director

MAY 1 8 2012
(Date Mailed)

Enclosures(s)

cc:
**O'REILLY AUTO PARTS**
Alexis Brown
Team Member Relations Specialist
P.O. Box 1156
233 S. Patterson
Springfield, MO 65801

# **EXHIBIT 4**

# **TEXAS WORKFORCE COMMISSION CERTIFIED COPY OF PUBLIC RECORDS**

<em>Case 3:13-cv-00368-KC  Document 14  Filed 06/18/14  Page 20 of 20</em>



| STATE OF TEXAS | § |
|---|---|
| COUNTY OF TRAVIS | § |

### CERTIFIED COPY OF PUBLIC RECORDS

COMPLAINANT: Ana Mejia
RESPONDENT: O'Reilly Auto Parts
CHARGE NO.: 453-2012-00341

I, Shauntay Black, Assistant Disclosure Officer for the Texas Workforce Commission (Commission), an administrative agency of the State of Texas, hereby certify that the Commission has conducted a diligent search for records regarding the above-referenced Charge Number.

I further certify no records were located as a result of this search.

Witness my hand and the official seal of the Texas Workforce Commission, in Austin, Texas on February 21, 2014.

*[Signature: Shauntay Black]*
Shauntay Black
Assistant Disclosure Officer
Texas Workforce Commission